UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

PROCEEDINGS UNDER CHAPTER 13
CASE NO. 13-25251-BKC-RAM

In re:

ALTAGRACIA E. OZUNA,

    Debtor.
_____/

**DEBTOR'S MOTION FOR AN ORDER GRANTING THE
ISSUANCE OF THE DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C §1328 (b)**

    Altagracia E. Ozuna (the "Debtor") by her undersigned counsel files this motion (the "Motion") for an order granting the issuance of the Debtor's discharge pursuant to 11 U.S.C. §1328(b). In support therefor the Debtor submits the following memorandum.

**Background**

1. On June 27, 2013, (the "Petition Date"), the Debtor filed a petition for relief under chapter 13 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Court").

2. The Debtor's chapter 13 plan (the "Plan) [ECF No. 11] was confirmed pursuant to the Court's order dated December 18, 2013 [ECF No. 33].

3. The Debtor's Plan provided for payments of $521.44 for 60 months to provide, *inter alia,* for priority and general unsecured claims.

4. The Debtor's First Modified Plan (the "Modified Plan") [ECF No. 39] was approved pursuant to the Court's order dated September 30, 2014 [ECF No. 43].

5. The Debtor's Modified Plan provided for payments in the amounts of $521.41 for

months 1 to 12 and $607.73 for months 13 to 60 to provide, *inter alia,* for priority and general unsecured claims.

6. The Debtor's schedule I [ECF No. 10], reflects that, as of the Petition Date, the Debtor was employed with the U.S. Department of Homeland Security with a gross income of $4,714.40 per month and a net monthly income of $2,651.16.

7. The Debtor has recently retired from the U.S. Department of Homeland Security and her only income is anticipated to be social security in the approximate amount of $1,189.00 per month and federal retirement in the approximate amount of $525.00 for a total of $1,714.00.,

8. The chapter 13 trustee's ledger reflects that the Debtor has paid in the sum of $23,187.01.

9. The Debtor has not completed payments under the Modified Plan. The balance of $12,240.95 is due to complete the Modified Plan.

10. The chapter 13 trustee's ledger indicates that the sum of $20,203.50 has been distributed so far to allowed unsecured creditors.

11. The Debtor's schedules B and C [ECF No. 10], reflect $0 in non-exempt property.

**Relief Requested and Applicable Authority**

12. By this Motion, the Debtor seeks entry of an order for the issuance of Debtor's discharge pursuant to 11 U.S.C. §1328(b).

13. Section 1328(b) provides, in pertinent part that

> at any time after confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not complete payments under the plan only if –
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the

2

      amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
  (3) modification of the plan under section 1329 of this title is not practical

11 U.S.C. §1328 (b).

14. Based on the above facts, the Debtor meets the requirements for issuance of her discharge pursuant to 11 U.S.C. §1328(b).

15. Due to the Debtor's retirement and reduction in income to approximately $1,714.00 per month, the Debtor is unable to complete the payments under the Modified Plan.

16. The sum of $20,203.50 which has been distributed to allowed unsecured creditors is in excess of the amounts that such creditors would have received if this case had been liquidated under chapter 7.

17. Due to the Debtor's reduced income, further modification of Modified Plan is not practical.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) granting the Motion, (ii) directing the Clerk of the Court to issue Debtor's discharge pursuant to 11 U.S.C. § 1328 (b), and (iii) granting the Debtor such other legal and equitable relief to which she is justly entitled.

Dated: December 30, 2016

                JORDAN E. BUBLICK, P.A.

                /s/ Jordan E. Bublick
                Jordan E. Bublick (Fla. Bar No. 381624)
                1801 N.E. 123rd St., Suite 314
                P.O. Box 545941
                Miami, FL 33154-5941
                Telephone: (305) 891-4055
                Fax: (305) 503-7231
                Email: jbublick@bublicklaw.com

                *Attorney for the Debtor*